**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLIE WAYNE MOSS,** | | |
| **ID #601218** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:09-CV-1529-B (BH)** |
| | ) | **ECF** |
| **RICK THALER,[1] Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Rick Thaler, Director of TDCJ-CID.

On October 8, 1991, petitioner was convicted of delivery of a controlled substance in Cause Nos. F91-66209-U and F91-66210-U. (Petition (Pet.) at 2; State Habeas Transcript[WR-61,805-08] at 72; S.H.Tr.[WR-61,805-09]:70).  He was sentenced to twenty-five years in each case, with the sentences to be served concurrently.  *Id.*  He filed an appeal challenging his mental competence to enter into the plea agreement.  The Fifth District Court of Appeals affirmed petitioner's convictions

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as  respondent the state officer who has custody" of petitioner.  Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him.  TDCJ-CID Director Rick Thaler is therefore substituted as respondent in this case.

in an unpublished opinion. *Moss v. State*, Nos. 05-91-01648-CR, 05-91-01649-CR  (Tex. App. – Dallas, June 24, 2003, no pet.).  He did not file a petition for discretionary review.

Petitioner was released on parole in these two cases on February 11, 1994, and his parole was revoked on November 25, 1997, without new charges.  Petition was again released on parole on April 11, 2001.  On May 13, 2004, petitioner returned to TDCJ custody with four new convictions for forgery. (Response, Ex. A).  His parole in his 1991 cases was not revoked at that time. (Response at 10; Supplemental State Court Records (SSCR) at 5-7, 61).  On March 24, 2005, petitioner was released on mandatory supervision in his four forgery convictions.   (Response, Ex. A).   His certificate of mandatory supervision, dated March 23, 2005, lists the cause numbers of six convictions, including his two 1991 convictions.  Handwritten on this certificate as the maximum expiration date is May 21, 2007. (Pet. Ex. A).

After his release on mandatory supervision, petitioner had parole revocation hearings in August 2006 and February 2008, but the Board of Pardons and Paroles decided not to revoke his parole and instead transferred him to an intermediate sanction facility (ISF) both times. (SSCR at 64-69, 74-79).  At the revocation hearing on February 27, 2008, it was determined that petitioner's two 1991 convictions had erroneously been included on the March 23, 2005 mandatory supervision certificate. The certificate was entered as an exhibit at the parole revocation hearing, but it had a line drawn through May 21, 2007, and November 4, 2019 was written in as the maximum expiration date. (SSCR at 83).  Petitioner objected to the admission of the modified certificate at the hearing instead of requiring that a new certificate be issued with the correct date. (SSCR at 74-77).

After a hearing on June 23, 2008, petitioner's parole was revoked in the two 1991 cases, and he was returned to TDCJ custody without new charges.  (Response, Ex. A; SSCR at 86).  On

September 27, 2008, he filed state applications for writ of habeas corpus in both 1991 cases.  He

alleged, in part, that his 2005 mandatory supervision certificate had been illegally altered and that

the Board of Pardons and Paroles (BPP) did not have the authority to revoke his parole in 2008

because he had completed his sentences in both cases in 2007, based upon the date listed on the

mandatory supervision certificate he was given in 2005. (S.H.Tr.[WR-61,805-08]:2; S.H.Tr.[WR-

61,805-09]:2).  On November 26, 2008, the Court of Criminal Appeals denied the state applications

without a written order. (*Id*. at cover).

Petitioner filed his federal petition on August 7, 2009, (Pet. at 9),[2] and he filed a

memorandum in support of his federal petition on August 18, 2009, (Memorandum (Mem.) at 1).

Respondent filed a response November 17, 2009, and furnished the state court records.  Petitioner

filed a reply on December 30, 2009.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action

---

[2]   *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings
when they place them in the prison mail system).

in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C).  The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.  Petitioner's state convictions became final for purposes of § 2244(d) on July 24, 2003, thirty days after his convictions were affirmed on direct appeal and the date any petition for discretionary review was due in the Court of Criminal Appeals *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003).  Petitioner's federal petition concerns actions that the BPP has taken many years after his convictions became final.  Accordingly, the one-year statute of limitations should be calculated from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.  28 U.S.C. § 2244(d)(1)(D).

In his first ground for relief, petitioner contends that his twenty-five year sentences ended on May 21, 2007, and that therefore the BPP did not have jurisdiction to revoke his parole in 2008. Petitioner knew or should have known the facts supporting his first claim on June 23, 2008, when a parole revocation hearing was held to determine whether his parole would be revoked based on violations that occurred in 2008. (SSCR at 86-93).  On that date, petitioner knew or should have

4

known that the BPP was exercising jurisdiction over him by considering whether or not his parole would be revoked based on his activities that occurred after May 21, 2007, when the BPP allegedly lost jurisdiction over him.[3]

In his second ground for relief, petitioner asserts that his parole officer illegally altered the March 2005 parole certificate. Because the altered document was admitted over petitioner's objection as an exhibit during a revocation hearing on February 27, 2008, he knew or should have known the facts supporting his second claim on that date.

Because petitioner filed his petition more than one year after February 27, 2008, and June 23, 2008, a literal application of § 2244(d)(1) renders his August 7, 2009, filing untimely.

## A. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while petitioner's state habeas applications were pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). When petitioner filed his state petitions on August 27, 2008, the filing of the state petitions tolled the statute of limitations for 92 days until the Texas

---

[3] Respondent contends that the one-year time period with regard to petitioner's first ground for relief should commence either on March 23, 2005, the date he was issued the incorrect certificate, or December of 2006, when he questioned his parole officer about whether the May 21, 2007 date should apply to his 1991 convictions. (Response at 10-17). Petitioner is contesting the revocation of his parole in July of 2008 as a result of the June 23, 2008 hearing, because the revocation was based on parole violations that occurred after May 21, 2007. Petitioner does not dispute that the certificate contains a clerical error; he contends that it created a new contract between him and the BPP with respect to his 1991 convictions. (Mem. at 6-10). Accordingly, the date on which he knew or should have known that the BPP would not honor this alleged new "contract" was the date of the parole hearing, June 23, 2008.

Court of Criminal Appeals denied the writs on November 26, 2008.  The AEDPA clock began to run again on November 27, 2008, and the time remaining in petitioner's one-year time period for filing a federal petition on his parole revocation claim expired on September 23, 2009.  Petitioner filed his petition on August 7, 2009, so the statutory tolling provision saves this first ground for relief.  The one year period for filing a petition concerning the altered certificate claim expired on June 1, 2009, however.[4]  Statutory tolling provision does not save this claim.[5]

## B.  Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances."  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  A petitioner "is not entitled to equitable tolling", however, unless he "diligently pursue[s] his § 2254 relief."  *Coleman*,

---

[4]  The one-year limitations period actually ended on May 30, 2009, but it is extended by two days because May 30, 2009, was a Saturday.  *See* FED. R. CIV. P. 6(a)(3).

[5]  The state court records reflect that petitioner filed a motion to reopen his February 2008 hearing, but this motion was denied by the BPP because the board does not consider motions to reopen unless parole is revoked, and petitioner's parole was not revoked as a result of the February 2008 hearing. (S.H.Tr.[WR-61,805-09]:54).  Even if the time period for this filing is tolled, however, state court records reflect that petitioner filed the motion on March 17, 2008, and the BPP issued a stating that it would not consider the motion on March 19, 2008.  Accordingly, petitioner's second claim would still not be timely.

184 F.3d at 403.  "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).  Petitioner has the burden to show that he is entitled to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence in his petition or his reply brief in support of equitable tolling of the federal statute of limitations because he has not alleged any circumstances that made it impossible for him to file his federal petition earlier, and he has not stated that his ability to file his federal habeas petition has been affected by the state proceedings.  His second ground for relief based on the altered certificate is therefore barred by the statute of limitations, and the Court will only consider his parole revocation claim.

### III.  APPLICABLE LAW

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determin-

ation of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## IV.  PAROLE REVOCATION

In his first ground for relief, petitioner asserts that the BPP was without jurisdiction to revoke his parole in his two 1991 cases based on parole violations that occurred in June of 2008 because he was issued a mandatory supervision certificate on March 23, 2005, that listed the 1991 cause numbers on it and stated that the maximum expiration date would be May 21, 2007.  (Pet. at 7, 7(a), Ex. A).  He claims that the BPP violated the contract between the parties made on March 23, 2005, and that the parole revocation therefore violated his due process rights.

Petitioner has acknowledged at both the state and federal level that the certificate was in error.  He wrote a letter to the BPP after he began serving his forgery sentences stating that he was still under parole for his twenty-five year sentences at the time he was serving his four-year sentences. (SSCR at 61).  In his federal petition, petitioner recounts questioning his parole officer in his meeting with her in December of 2006 about the May 21, 2007, maximum discharge date. He informed her that he did not understand how that could be his discharge date for his 1991 cases, since he received twenty-five year sentences in those cases. (Pet. at 7(b)).  Petitioner has also included a copy of an e-mail from a parole officer dated June 13, 2008, requesting that the Records

and Classifications department of the BPP issue a corrected release certificate because the previous discharge date was for the forgery convictions, not for petitioner's convictions for delivery of a controlled substance. (Pet. Ex. C). Petitioner clearly recognized that the March 23, 2005 certificate erroneously listed his 1991 convictions and that the May 21, 2007 discharge date was in error.

In order to establish a due process violation, petitioner must show that he has been deprived of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, "[f]ederal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Petitioner has not shown that he has a legitimate claim of entitlement to right from which he has been deprived. Petitioner contends that the clerical error on the mandatory supervision certificate issued in 2005 meant that his 1991 cases expired in 2007, rather than in 2019. However, "[t]here is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Petitioner does not contend that his sentences in the 1991 cases are invalid. He has not shown that he has a constitutional right to be released from these valid sentences before he has completed them. Therefore, the action on the part of the BPP to revoke petitioner's parole in the 1991 cases based on parole violations that occurred in 2008 did not violate petitioner's federal constitutional rights. The state court's denial of this ground for relief is not contrary to federal law, and petitioner is entitled to no relief on this claim.

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

The Court should find petitioner's first ground for relief without merit and petitioner's second ground for relief barred by the statute of limitations and **DENY** the petition with prejudice.

**SO RECOMMENDED on this 12th day of January, 2010.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE